UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JAMI M. HOSKINS and MICHAEL HOSKINS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:07-cv-72-AS |
| GUNN TRUCKING and CLAUDE R. GUNN, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION & ORDER

This matter is before the Court on two motions to bar the testimony of certain witnesses in a case concerning a car accident. First, pursuant to Federal Rules of Civil Procedure 26 and 37, Defendant Claude Gunn d/b/a Gunn Trucking ("Defendant") moves for an order excluding and barring Plaintiffs Jami Hoskins ("Ms. Hoskins") and Michael Hoskins' (collectively, "Plaintiffs") expert witness Dr. Tonia Wolf Kusumi, M.D. ("Dr. Wolf Kusumi"). (Docket No. 30).

Second, pursuant to the same Rules, Defendant moves for an order excluding and barring the testimony of Ms. Hoskins' treating physicians (including, as follows: Dr. Jean-Pierre Mobasser, M.D., Dr. Nicolas Costidakis, D.P.M., Dr. Gregory A. Schweikher, D.P.M., Dr. Ferdinand Ramos, M.D., Dr. Hamid S. Hamdi, M.D., Dr. Tahir Hafeez, M.D., and Dr. David G. Jarmon, Ph.D., Dr. Michael A. Sermersheim, M.D., and "any treating physician" from St. Vincent Williamsport Hospital). (Docket No. 31).

**Discussion**

First, in response to Defendant's second motion, Plaintiffs agree that no witness other than Dr. Wolf Kusumi should be permitted to testify at trial as to causation, prognosis, and permanency. (Docket No. 32). Accordingly, because there is no dispute as to the nature of all physician witnesses, save Dr. Wolf Kusumi, Defendant's second motion is **granted**.

Turning to Defendant's first motion, a party who has retained an expert witness is required to furnish a report containing, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed. R. Civ. P. 26(a)(2)(B). "The purpose of the report is to set forth the substance of the direct examination." Jenkins v. Bartlett, 487 F.3d 482, 487 (7th Cir. 2007). See also Fed. R. Civ. P. 26 advisory committee's note (stating that Rule 26(a)(2) was adopted as a reaction against the former rule, which allowed expert reports that were so "sketchy and vague" that they were "of little help in preparing for a deposition of the witness"); Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 n.6 (7th Cir. 1998) ("The report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources."). If a party fails to comply with Rule 26, they are disallowed from using any non-disclosed information at trial. Fed. R. Civ. P. 37(c)(1). This sanction is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Keach v. U.S. Trust Co., 419 F.3d

626, 639 (7th Cir. 2005) (internal quotations omitted).

Here, Plaintiffs filed an Expert Witness Disclosure one business day after the deadline set by this Court, which: (1) identifies Dr. Wolf Kusumi, (2) states that she will identify injuries caused by the car crash, and discuss Ms. Hoskins' overall medical condition, current treatment, and future treatment, (3) states that Dr. Wolf Kusumi will base her opinion on medical records and depositions, (4) includes a copy of Dr. Wolf Kusumi's curriculum vitae, which includes her recent publications, and (5) states that Dr. Wolf Kusumi has not testified as an expert at any other trial or deposition. (Docket No. 30-3 at 2-6).

The parties have a major disagreement regarding whether Plaintiffs' Expert Witness Disclosure violates the requirements of Rule 26(a)(2)(B), with the Plaintiffs arguing that they 'substantially complied' with Rule 26, and the Defendant arguing that the Disclosure was a "bad joke." (Docket No. 34 at 1).

Similarly, the Seventh Circuit reveals a wide breadth of permissible action for this Court to take with regards to an Expert Witness Disclosure that clearly does not fulfill the specificity required by Rule 26. On one hand, the Seventh Circuit has held that a district court was correct in imposing the "automatic and mandatory" sanction of excluding an expert's testimony where the report was "woefully deficient." Ciomber v. Coop. Plus, Inc., 527 F.3d 635, 641 (7th Cir. 2008). On the other hand, the Seventh Circuit has repeatedly held that "[t]he decision to admit previously undisclosed testimony is entrusted to the broad discretion of the district court." Keach v. U.S. Trust Co., 419 F.3d 626, 640 (7th Cir. 2005);

3

David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003); Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir.1998).

Further, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." David, 324 F.3d at 857. Instead, the Seventh Circuit has held that a district court's discretion should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." Keach, 419 F.3d at 640 (quoting David, 324 F.3d at 857). Although Defendant has submitted numerous cases from various district courts in support of his argument, these cases are not binding authority upon this Court. Instead, this Court will analyze this case using the factors set forth by the Seventh Circuit in Keach.[1]

First, without having a transcript or any record of Dr. Wolf Kusumi's deposition, it is difficult to determine if or how Defendant was prejudiced by Plaintiffs' failure to comply with Rule 26. Further, to the extent that Defendant would be prejudiced, their incomplete Expert Witness Report will have little, if any, impact upon this case provided Plaintiffs

---

1 Although Defendant argues that the report, in addition to being incomplete, is invalid for allegedly being prepared by Plaintiffs' counsel rather than by Dr. Wolf Kusumi, as Rule 26 contemplates, Courts have held that there can be substantial compliance with Rule 26, despite failure of a party's attorney to have the physician prepare or even sign the disclosure, the latter of which was done here. See Jenkins v. Bartlett, 487 F.3d 482, 488 (7th Cir. 2007).

4

submit a corrected report in a timely manner. In addition, there is no disruption to the trial, as the progress of this case is stalled until Defendants' Motion for Summary Judgment is ripe, an event that may not occur for several months. Thus, granting Plaintiffs leave to refile their Expert Witness Report would not cause a disruption to the trial. Finally, this Court is aware of no allegations of bad faith on the part of Plaintiffs' counsel. Thus, given the lack of prejudice rendered to Defendant, Plaintiffs are allowed up to and including **Monday, May 25, 2009**, to refile an Amended Expert Witness Report for Dr. Wolf Kusumi. Defendant's Motion to bar the Testimony of Dr. Wolf Kusumi is **denied with leave to refile** 30 days after the amended report is filed, or 30 days after May 25th if no such amended report is filed. The briefing schedule for the motion for summary judgment is currently <u>suspended</u> until further order of this Court (thereby superceding the Court's order of April 13, 2009 setting a 30 day extension). The cooperation of counsel is greatly appreciated.

SO ORDERED.

**DATED: April 24, 2009**

/s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**