# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JAMI M. HOSKINS and MICHAEL HOSKINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No.: 4:07-CV-72-WCL |
| ) | |
| GUNN TRUCKING and CLAUDE R. GUNN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Bar filed by Defendants Gunn Trucking and Claude R. Gunn on July 10, 2009 (docket at 45), to which Plaintiffs Jami and Michael Hoskins responded on July 24, 2009 (docket at 46), and Defendants replied on July 31, 2009 (docket at 47). For the reasons discussed below, the Defendants' Motion to Bar is DENIED WITHOUT PREJUDICE.

## BACKGROUND

Defendants seek to bar the testimony of Dr. Tonia Wolf Kusumi, identified as Plaintiffs' Rule 26 expert, expected to provide opinions regarding the causation, prognosis, and permanency of the injuries Jami Hoskins sustained in an automobile accident on December 4, 2005. Dr. Kusumi's testimony is significant to this negligence action because the damages to be awarded will depend on whether Ms. Hoskins suffered injury proximately caused by the December 2005 accident—when in fact, Ms. Hoskins suffered injuries in a late 2002 tubing accident and in a May 2005 automobile accident. *See* docket at 36, Defs.' SJ Memo.

This is not the first time Defendants moved to bar Dr. Kusumi's testimony. On March 9, 2009, Defendants requested that Dr. Kusumi's testimony be barred for Plaintiffs failure to comply with Rule 26. Pursuant to Rule 26(a)(2), Plaintiffs timely identified Dr. Kusumi as an expert to be called at trial, listed the documents considered, disclosed her pay rate, attached a curriculum vitae

listing her publications, and noted her lack of prior experience in testifying as an expert (docket at 45-2). However, Plaintiffs did not provide a separate written report disclosing Dr. Kusumi's opinions and the basis and reasons for them. *Id*. Given the lack of prejudice to the Defendants and the ability to cure the deficiencies, the court denied the Motion to Bar and provided the Plaintiffs with nearly two months to file an amended report.

On June 18, 2009, Plaintiffs timely submitted the necessary written report which was signed and dated by Dr. Kusumi (docket at 45-5). The report properly sets forth the testimony to be provided by Dr. Kusumi, and identifies the records she considered. *Id*. Even so, Defendants assert that the report still fails to comply with Rule 26(a)(2)(B) because Plaintiffs' counsel drafted the report. *See* docket at 45-6. In providing the draft report to Dr. Kusumi, Plaintiffs' counsel wrote the following to Dr. Kusumi:

> Thank you again for agreeing to provide a revised report regarding Jami Hoskins. In hopes of saving you time, we drafted the attached report for you to consider for formatting purposes. Please make as many changes, corrections, or additions to the report that you see appropriate for accuracy and completeness . . . Let me know once you've competed your report . . .

*Id*. Plaintiffs' counsel admits to drafting the report, but explains that the opinions contained therein originated with Dr. Kusumi during an in-person conference with counsel, before any work on the report began. *See* docket at 46, p. 2. Even though Plaintiffs' counsel did "pen" the report after the conference, the Plaintiffs assert that the report reflects the analysis of Dr. Kusumi, who also "reviewed, corrected, and added" to the report before signing it. *Id*.

Notably, work papers, summaries, or notes used to draft the report were not submitted; however, a line-by-line comparison reveals that the report drafted by Plaintiffs' counsel is substantially similar to the final version of Dr. Kusumi's signed report. *Compare* docket at 45-5 *with* 45-6. Specifically, a number of the differences are merely stylistic and grammatical, inserting commas and replacing common language with medical terminology, and do not alter the substance

2

of the report. *Id*. However, the final report also includes a substantive addition regarding a surgery Ms. Hoskins underwent in May 23, 2005, and her resulting recovery, which is a primary medical condition at issue in this case (docket at 45-5, p. 4). The substance of Dr. Kusumi's opinions and conclusions, as well as their underlying basis and reasons, remain essentially the same in the final version of the report as in the first. The court must now determine whether Dr. Kusumi's expert report, drafted by counsel, complies with the disclosure requirements of Fed.R.Civ.P. 26.

## DISCUSSION

Under Rule 26, all parties are required to disclose experts retained or specially employed to provide expert testimony in the case. Fed.R.Civ.P. 26(a)(2)(B). The disclosure, unless otherwise stipulated or ordered by the court, "must be accompanied by a written report-- prepared and signed by the witness." *Id*. Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports. Fed.R.Civ.P. 26 Advisory Committee Notes, 1993 Amendments. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness. *Id*. The purpose of the report is to "set forth the substance of the direct examination." *Id*.; *Jenkins v. Bartlett*, 487 F.3d 482, 487 (7th Cir. 2007).

Under Rule 37, a party that fails to disclose information required by Rule 26(a), or to amend a prior discovery response as required by Rule 26(e)(2), is not permitted to use that information or witness to supply evidence on a motion or at trial. Fed.R.Civ.P. 37(c)(1); *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008). The only exception to this rule is where the failure to disclose is substantially justified or harmless. *Id*. Indeed, the exclusion of undisclosed evidence "is automatic and mandatory under Rule 37(c)(1) unless nondisclosure was justified or harmless." *Musser v. Gentiva Health Servs.,* 356 F.3d 751, 758 (7th Cir. 2004); *see Ohime v. Foresman*, 186 F.R.D. 507, 508 (N.D.Ind. 1999) (reasoning that this sanction provides a strong inducement for

3

disclosure of Rule 26(a) material) (citing Fed.R.Civ.P. 26 Advisory Committee Notes, 1993 Amendments).

Defendants argue that while attorney assistance with the preparation of an expert's report is permissible, drafting the report in its entirety without substantial participation by Dr. Kusumi, is the type of ghost-writing that Rule 26(a)(2)(B) is designed to prohibit. Defendants also state that Plaintiffs failure to comply with Rule 26, is neither justified nor harmless pursuant to Rule 37(c), thereby resulting in the automatic and mandatory exclusion of Dr. Kusumi's testimony.

Plaintiffs submit that even though counsel drafted the report, the report reflects Dr. Kusumi's opinions and analysis, and therefore the report complies with Rule 26. Furthermore, Plaintiffs argue that any error is harmless because Plaintiffs do not object to Defendants deposing Dr. Kusumi, even though discovery is closed. This court agrees.[1]

Whether there has been compliance with respect to the preparation of the report is not based on who actually penned an expert's report, but, rather, whose opinions and analysis the report contains. *Lehman Bros. Holdings, Inc. v. Laureate Realty Servs., Inc.*, 2007 WL 2265199 *2 (S.D. Ind. Aug. 6, 2007) (citing *Marek v. Moore*, 171 F.R.D. 298 (D. Kan. 1997)). While attorney involvement in the preparation of an expert report is permissible, the expert must substantially participate in the preparation of the report. *Manning v. Crockett*, 1999 WL 342715 *3-4 (N.D. Ill. May 18, 1999). In *Manning*, the expert first provided a report that did not provide any detail as to the substance of his testimony. Finding that the "[p]laintiffs' failure to comply with Rule 26

---

1     In making this decision, the court looks to persuasive authority for guidance because no mandatory authority addresses Rule 26 compliance under the facts present here—where an expert report was timely submitted but allegedly ghost-written by Plaintiffs' counsel subsequent to an in-person meeting. *See e.g.*, Philip Croessmann, Expert Witnesses: Construction Cases § 7:10 (2009); Walter R. Lancaster & Damian D. Capozzola, Expert Witnesses in Civil Trials § 8:16 (2009); Robert A. Matthews, Jr., 7 Annotated Patent Digest § 41:168 (2009); Don Zupanec, 24 No. 6 Federal Litigator 8 (2009).

4

stemmed from ignorance, not a desire to sand-bag [the Defendants]," the court gave the Plaintiffs additional time to disclose their expert. *Id.* at *1. In response, Plaintiffs submitted a revised expert report which was "remarkably similar" to the Plaintiffs' complaint. *Id.* The court found that it was unable to ascertain the level of the expert's involvement in the preparation of the report based solely on a comparison between the report and the complaint, and could not determine who was responsible for each portion of the report. *Id.* at *4. Therefore, the court refused to strike the expert's report, reasoning that the report was not exactly like the complaint, and the court could not exclude the possibility that the complaint was drawn from the expert's opinions, rather than the other way around. *Id.* (relying on *Marek*, 171 F.R.D. at 300) (denying the motion to strike the expert's testimony even though the attorney revised the expert's report, because the substance of the expert's opinions and conclusions, as well as their underlying basis and reasons, where prepared by the expert).

However, the *Manning* court also explained that preparing the expert's opinion from whole cloth and then asking the expert to sign it if he or she wishes to adopt it, conflicts with Rule 26(a)(2)(B)'s requirement that the expert prepare the report. *Manning*, 1999 WL 342715 at *3. Preparation implies involvement other than perusing a report drafted by someone else and signing one's name at the bottom to signify agreement. *Id.* In other words, the assistance of counsel contemplated by Rule 26(a)(2)(B) is not synonymous with ghost-writing. *Id.*; *see also Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 579 (W.D. Tenn. 2009) (excluding the expert's testimony where the report was wholly prepared by counsel and the expert could not actually identify any portion of the testimony that was his testimony, and the expert's participation amounted to signing the document after reviewing it); *In re Jackson Nat'l Life Ins. Co. Premium Litig.*, 2000 WL 33654070 *1-2 (W.D. Mich. Feb. 8, 2000) (reasoning that Rule 26(a)(2)(B) was violated where substantial similarities were found in reports provided by different experts in unrelated cases, yet

5

drafted by the same counsel, and it was clear that the language of the report and formulation of the opinions was provided to the experts by counsel).

In this case, the expert, Dr. Kusumi, has never before provided expert testimony at trial or deposition. Dr. Kusumi's failed attempt at proper disclosure revealed that she needed assistance to meet Rule 26's requirements. Plaintiffs' counsel was entitled to, if not obligated to, provide that assistance. *See Indiana Ins. Co.*, 176 F.R.D. at 292-94 ("[u]nlike the attorney, the expert witness more likely preoccupies himself with his profession or field of expertise. He may have little appreciation or none whatsoever for Rule 26 and its exacting requirements for a legally 'complete' report of the expert opinions, including all the 'data or other information'; and designating all supporting exhibits.") (quoting *Marek*, 171 F.R.D. at 301).

However, Plaintiffs' counsel did not direct Dr. Kusumi to merely read the report and sign it, but directed Dr. Kusumi to "make as many changes, corrections, or additions to the report that [Dr. Kusumi saw] appropriate for accuracy and completeness." *See* docket at 45-6. Dr. Kusumi's careful review of the report is evidenced by the fact that not only were grammatical corrections made, but substantive changes were made. As in *Manning*, the revised report is not identical to counsel's work. In addition, the court cannot exclude the fact that Plaintiffs' counsel first met with Dr. Kusumi to discuss her substantive opinions and conclusions, and then counsel reduced that oral opinion to writing for Dr. Kusumi's review and signature. *See U.S. v. Kalymon*, 541 F.3d 624, 637-38 (6th Cir. 2008) (holding that "[a] party's attorney can reduce an expert's oral opinion to writing so long as the report reflects the actual views of the expert"). As such, the court finds that Dr. Kusumi's in-person conference with Plaintiffs' counsel in which she shared her opinions to be reflected in the report, combined with her review and revision of the report, complies with the type of "preparation" required by Rule 26(a)(2)(B).

Even assuming that counsel's drafting the report for Dr. Kusumi failed to meet the

6

requirements of Rule 26(a), the question becomes whether the failure to comply is harmless. In determining whether a Rule 26(a) failure is harmless, a district court should consider the following: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In this case, all factors point toward the failure being harmless. Pursuant to the case management plan, Plaintiffs timely disclosed its intent to use Dr. Kusumi as an expert at trial and provided the information required under Rule 26(a)(2)(B), absent the written report. With additional time provided, Plaintiffs timely disclosed the required materials under Rule 26(a), and the report was substantively adequate, except for counsel's drafting it. There is no evidence suggesting bad faith by Plaintiffs' counsel in drafting a report for Dr. Kusumi's review and revision, and assuring that the report contained the necessary legal prerequisites—especially in light of the fact that Dr. Kusumi never before provided expert testimony. *See Salgado*, 150 F.3d at 741 n.6 (noting it is the responsibility of the attorney to ensure that the expert's report contains complete opinions that are properly and thoroughly set forth and supported, or risk the imposition of sanctions under Rule 37) (citations omitted).

Further, the report fulfilled its purpose of informing Defendants of both the substance of the testimony expected to be given by Dr. Kusumi on direct examination, and the reasons for the testimony. Defendants will not be surprised or unable to adequately prepare for Dr. Kusumi's testimony, and any trial, yet to be scheduled, will not be disrupted. *See Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (reversing the exclusion of expert testimony because a trial date had not been set and "appeared a long way off," and therefore "no harm" or "unfair surprise" in allowing the testimony resulted).

The very point of Rule 26 is "to facilitate a fair contest with the basic issue and facts disclosed to the fullest practical extent." *Needham v. Innerpac, Inc.*, 2007 WL 1662681 *2 (N.D. Ind. June 7, 2007) (citing *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001)). To ensure that the goal of Rule 26 is achieved, the court will allow Defendants to depose Dr. Kusumi regarding the report's contents and creation. *See Indiana Ins. Co. v. Hussey Seating Co.*, 176 F.R.D. 291, 293-94 (S.D. Ind. 1997) (although the attorney drafting the unsigned expert report and rendering so much assistance that the expert was not comfortable embracing it as his own, "technically" violated Rule 26(a)(2), the violation was harmless because during deposition the expert explained what portions of the report were his). *But see Ciomber*, 527 F.3d at 642 (finding that the purpose of Rule 26 would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony, where the plaintiff only identified the expert but failed to provide a complete and detailed report of the expert's opinions, conclusions, and the basis and reasons for them). Here, opposing counsel is not forced to depose Dr. Kusumi in order to avoid ambush at trial, but a deposition will allow Defendants to fully explore whether or not Dr. Kusumi held the opinions set forth in her disclosures.[2]

Although discovery closed on February 26, 2009, Defendants may schedule a deposition of Dr. Kusumi, *see* Fed.R.Civ.P. 26(b)(4)(A), and may identify their own rebuttal expert(s) if they wish

---

2   As stated in *Reliance Ins. Co. v. Keybank U.S.A.,* 2006 WL 543129 *3 (N.D. Ohio Mar. 3, 2006):
> A party receiving an adversary's expert's signed report has a right to rely upon the document for what it purports to be-the expert's considered analysis of facts and statement of opinions applying the expert's special education, training and experience. Experts participate in a case because, ultimately, the trier of fact will be assisted by their opinions . . . They do not participate as the alter-ego of the attorney who will be trying the case . . . An expert who can be shown to have adopted the attorney's opinion as his own stands less tall before the jury than an expert who has engaged in painstaking inquiry and analysis before arriving at an opinion.

*Id*.

to do so. Plaintiffs shall ensure Dr. Kusumi's availability, and Defendants may identify any rebuttal expert and serve any expert report no later than 60 days after Dr. Kusumi's deposition. Should it later prove at deposition that the collaborative process described herein did not result in the report's containing the opinions of Dr. Kusumi, but that of Plaintiffs' counsel, then Defendants shall be entitled to refile their Motion to Bar. At this time, the Motion to Bar Dr. Kusumi's testimony is denied, subject to Plaintiffs making Dr. Kusumi available for a deposition at the reasonable convenience of defense counsel.

## CONCLUSION

Because the court is satisfied with counsel's explanation regarding how the expert report was prepared to reflect the opinions of and testimony to be given by Dr. Kusumi, it is determined that the spirit of Rule 26 has not been violated. To the extent counsel's drafting the report for Dr. Kusumi failed to comport with the expert reporting requirements, the failure is harmless, and thus, Rule 37 does not require sanctions be imposed. Accordingly, Plaintiffs' Rule 26 expert, Dr. Kusumi, is entitled to provide her analysis regarding the causation, prognosis, and permanency of Jami Hoskins' injuries sustained in the automobile accident on December 4, 2005. The court DENIES WITHOUT PREJUDICE the Defendants' Motion to Bar the testimony of Dr. Tonia Wolf Kusumi (docket at 45).

Defendants' Motion for Summary Judgment was based on the exclusion of Dr. Kusumi's testimony and Plaintiffs' inability to produce medical expert testimony regarding the causation, prognosis, and permanency of Jami Hoskins' injuries (docket at 35, ¶ 3; 36, p. 8). Plaintiffs agreed that only Dr. Kusumi should be permitted to testify to these matters (docket at 32). Because the evidence upon which Defendants' Motion for Summary Judgment relies has changed, in that the Plaintiffs are now able to offer Dr. Kusumi's testimony, the motion is DENIED AS MOOT (docket at 35). Although the discovery and dispositive motion deadlines have passed, Defendants may

schedule a deposition of Dr. Kusumi, and are given 60 days after Dr. Kusumi is deposed to identify any rebuttal expert, serve any expert report, and file any dispositive motion. The parties are to provide the court with notice once Dr. Kusumi has been deposed.

SO ORDERED.

DATED: September  14 , 2009

                                 s/William C. Lee
                                 WILLIAM C. LEE, JUDGE
                                 UNITED STATES DISTRICT COURT